| | | |
|---|---|---|
| **LLOYD JARRETT** <br> *(In his Individual Capacity)* <br> 5810 Jonquil Avenue <br> Baltimore, Maryland 21215 | * <br> * <br> * | IN THE |
| AND | * | |
| **LLOYD JARRETT AND JOAN JARRET** <br> *(As Husband and Wife for Loss of Consortium)* <br> 5810 Jonquil Avenue <br> Baltimore, Maryland 21215 | * <br> * <br> * | CIRCUIT COURT |
| PLAINTIFFS | * | FOR |
| vs. | * <br> * | |
| **THE HOME DEPOT, INC.** <br> 2455 Paces Ferry Road <br> Atlanta, Georgia 30339 | * <br> * | BALTIMORE CITY |
| <u>Serve On its Resident Agent</u>: <br> CSC-Lawyers Incorporating Service Company <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | * <br> * <br> * | |
| AND | * | |
| **THE HOME DEPOT U.S.A., INC.** <br> 2455 Paces Ferry Road <br> Atlanta, Georgia 30339 | * <br> * <br> * | |
| <u>Serve On its Resident Agent</u>: <br> CSC-Lawyers Incorporating Service Company <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 | * <br> * | 24·C·21·001678 |
| | * | CASE NO.:_____ |
| AND | * | |

**KEITH REDMILES**                                           *        CASE NO.: _____
4840 Ilchester Road
Ellicott City, Maryland 21043                                *

DEFENDANTS                                                   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now come the Plaintiffs, Lloyd Jarrett, in his individual capacity, and Lloyd Jarrett and Joan Jarrett, as Husband and Wife, by and through their attorneys, Scott M. Rotter and Altmark, Rotter & Trock, L.L.P., and herein file the instant Complaint and Request for Jury Trial against the Defendants, The Home Depot, Inc., The Home Depot U.S.A., Inc. (both hereinafter collectively referred to as "Defendant Home Depot"), and Keith Redmiles (hereinafter referred to as "Defendant Redmiles"), and for reasons, state as follows:

### FACTS COMMON TO ALL COUNTS

1. That the accident that is the subject of the present case occurred in Baltimore City, Maryland. Defendant Home Depot carries on regular business in Baltimore City, Maryland, and Defendant Redmiles is employed and/or habitually engages in a vocation in Baltimore City, Maryland. Plaintiffs Lloyd Jarrett and Joan Jarrett were, at all times relevant hereto, married to each other and residents of Baltimore City, Maryland. Thus, venue is proper with this Honorable Court.

2. That on or about the 17th day of March, 2021, at approximately 2:30 p.m., Plaintiffs Lloyd Jarrett and Joan Jarrett were business invitees on the premises of Defendant Home Depot's store located at 6620 Reisterstown Road, Baltimore City, Maryland 21215 (hereinafter referred to as "*the Store*"). *The Store* was owned and/or operated by Defendant Home Depot at times relevant hereto. Moreover, prior to March 17, 2021, Defendant Redmiles had been hired by Defendant Home Depot to work as the manager of *the Store* and was working in that capacity at all times

relevant hereto. Plaintiffs Lloyd Jarrett and Joan Jarrett had come to *the Store* on March 17, 2021, as paying customers to shop for a dryer in the appliance department.

3. That on or about the same date and time, the Plaintiffs were walking through the appliance section of *the Store*. Unknown to the Plaintiffs at this time, there was a metal bracket that had been attached to the floor of *the Store* by the Defendants (and unknown employees acting under the Defendants' supervision) and had been negligently left there protruding upward. As Plaintiff Lloyd Jarrett turned to walk away, he tripped over the metal bracket and fell to the ground, sustaining serious physical injuries and other damages.

4. That prior to Plaintiff Lloyd Jarrett's fall at *the Store* described in the preceding paragraph, there were no signs, cones or other objects posted by the Defendants to warn customers, including the Plaintiffs, of the dangerous condition the metal bracket posed being left protruding from the floor. Thus, the Plaintiffs did not know, nor did they have reason to know or suspect, that there would be a metal bracket protruding from the floor of *the Store* where Plaintiff Lloyd Jarrett was walking.

5. That at all times relevant hereto, Defendant Home Depot owned, managed, maintained and/or controlled *the Store* referred to in the preceding paragraphs. Moreover, at all times relevant hereto, Defendant Home Depot was responsible for the maintenance, safety procedures, repairs, displays (both set up and break down), warnings, supervision of all employees and overall care of *the Store*.

6. That at all times relevant hereto, Defendant Redmiles was employed by Defendant Home Depot as the manager of *the Store* and was acting as Defendant Home Depot's agent, servant and/or employee. In his position as manager, Defendant Redmiles was responsible for the maintenance,

safety procedures, repairs, displays (both set up and break down), warnings, supervision of other unknown employees and overall care of *the Store*.

7. That, prior to Plaintiff Lloyd Jarrett's fall and injury on March 17, 2021, Defendant Home Depot and Defendant Redmiles had actual and/or constructive knowledge of the dangerous condition posed by the metal bracket that was left protruding from the floor of *the Store*. However, on March 17, 2021, the metal bracket was negligently left protruding from the floor by Defendant Home Depot and Defendant Redmiles, and/or other unknown employees of *the Store* under Defendant Home Depot and Defendant Redmiles' supervision.

8. That prior to the time of Plaintiff Lloyd Jarrett's fall described in the preceding paragraphs, and despite having actual and/or constructive knowledge of the metal bracket being left protruding from the floor of *the Store*, the Defendants negligently failed to take reasonable steps to remove the metal bracket from the floor of *the Store* and/or negligently failed to give its customers (including the Plaintiffs) reasonable notice and/or warning of the dangerous condition posed by the metal bracket; failed to make conditions safe for Plaintiff Lloyd Jarrett, and were otherwise negligent.

## COUNT I – <u>Plaintiff Lloyd Jarrett (in his individual capacity) vs. Defendants</u>

9. That the Plaintiffs incorporate, by reference in this Count, all allegations set forth in paragraphs one (1) through eight (8) of this Complaint, as if fully set forth herein.

10. That the Defendants owed a duty to Plaintiff Lloyd Jarrett to use reasonable and ordinary care to maintain *the Store* in a safe condition and to protect Plaintiff Lloyd Jarrett against injury caused by any unreasonable risk, which he, in the exercise of reasonable care, could not avoid.

11. That the Defendants breached their duty to Plaintiff Lloyd Jarrett, as has been set forth in the preceding paragraphs. Specifically, Defendant Home Depot and Defendant Redmiles (while acting within the course and scope of his employment as manager of *the Store*), knew or should have known of the dangerous condition posed by the metal bracket that was left protruding from the floor of *the Store* and failed to make certain that customers/invitees of *the Store*, including Plaintiff Lloyd Jarrett, were warned of the danger posed by the metal bracket. Moreover, Defendant Home Depot and Defendant Redmiles (while acting within the course and scope of his employment as manager of *the Store*), further breached their duty of care to Plaintiff Lloyd Jarrett by leaving the metal bracket attached to the floor of *the Store*, and by failing to take reasonable, ordinary and/or necessary steps to remove the protruding metal bracket from the floor of *the Store* in order to protect Plaintiff Lloyd Jarrett from the unreasonable risk of harm the protruding metal bracket posed to him.

12. That at all times relevant hereto, Defendant Redmiles and the unknown employees under his supervision were acting as the agents, servants and/or employees of Defendant Home Depot, and were further acting within the scope of said employment. Thus, Defendant Home Depot is vicariously liable for the negligent conduct of Defendant Redmiles and the unknown employees under his supervision that is described in more detail in the preceding paragraphs.

13. That as a direct and proximate result of the negligence of the Defendants, and without any negligence on the part of Plaintiff Lloyd Jarrett contributing thereto, Plaintiff Lloyd Jarrett did suffer serious personal injuries, pain and suffering, past, present and future medical expenses, emotional distress, loss of work and wages, permanent injury and disability, and was otherwise injured and damaged.

**WHEREFORE**, the Plaintiff, Lloyd Jarrett, in his individual capacity, respectfully requests that judgment be entered for compensatory damages against the Defendants, The Home Depot, Inc., The Home Depot U.S.A., Inc., and Keith Redmiles, in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00), plus such other and further relief as the nature of this cause may require.

### COUNT II – Plaintiffs Lloyd Jarrett and Joan Jarrett (in their capacity as Husband and Wife for Loss of Consortium) vs. Defendants

14. That the Plaintiffs incorporate, by reference in this Count, all allegations set forth in paragraphs one (1) through thirteen (13) of this Complaint, as if fully set forth herein.

15. That the Plaintiffs, Lloyd Jarrett and Joan Jarrett, were married and lived as husband and wife on March 17, 2021. The Plaintiffs were married on November 26, 1978, and have remained as husband and wife to the present.

16. That the Defendants owed a duty of care to the Plaintiffs, in their capacity as husband and wife, to use reasonable and ordinary care to maintain *the Store* in a safe condition for their customers and invited guests, which included the Plaintiffs in this case, and to protect them against injury to their marital relationship caused by any unreasonable risk, which they, in the exercise of reasonable care, could not avoid.

17. That the Defendants breached their duty of care to the Plaintiffs, as has been set forth in the preceding paragraphs. Specifically, the Defendants knew or should have known of the dangerous condition posed by the metal bracket protruding from the floor of *the Store* and never warned the Plaintiffs of said danger. Additionally, the Defendants failed to take the necessary actions to remove the protruding metal bracket from the floor in order to protect the Plaintiffs from

the unreasonable risk of harm it posed to their customers – including the Plaintiffs.

18. That as a direct and/or proximate result of the negligent conduct of the Defendants, described in greater detail earlier in this Complaint, and without any negligence of the Plaintiffs contributing thereto, the Plaintiffs sustained serious injury to their marital relationship, including loss of society, assistance, affection, companionship, loss of sexual relations, etc.

**WHEREFORE**, the Plaintiffs, Lloyd Jarrett and Joan Jarrett, in their capacity as Husband and Wife for loss of consortium, respectfully request that judgment be entered for compensatory damages against the Defendants, The Home Depot, Inc., The Home Depot U.S.A., Inc., and Keith Redmiles, in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00), plus such other and further relief as the nature of this cause may require.

**SCOTT M. ROTTER**
*Client Protection No.: 9112190106*

Altmark, Rotter & Trock, L.L.P.
25 Hooks Lane, Suite 204
Baltimore, Maryland 21208
Telephone: (410) 783-9230
Facsimile: (410) 783-9233
Email: srotter@arsllp.com

Attorneys for the Plaintiffs