IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LLOYD JARRETT, et al. | * | |
| Plaintiff | * | |
| v. | * | |
| HOME DEPOT U.S.A., INC., ET AL. | * | Case No.: 21-cv-1514 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

Lloyd Jarrett, in his individual capacity, and Lloyd Jarrett and Joan Jarrett, as Husband and Wife, Plaintiffs, by and through their attorneys, Frank E. Trock and Altmark, Rotter & Trock, L.L.P., pursuant to 28 U.S.C. § 1446 and § 1447, hereby file the instant Reply to Defendants' Opposition to the Motion to Remand this civil action to the Circuit Court for Baltimore City and for reasons, state as follows:

**REPLY TO NEWLY RAISED FACTS[1]**

Defendant Redmiles admits in his Affidavit that he was employed as the store manager of The Home Depot location at the time when the incident which is the subject of this litigation occurred. While Defendant Redmiles contends that he was not physically present at work at the precise time when the incident involving the Plaintiffs occurred, that is not determinative factor in this case. Plaintiff Lloyd Jarrett did not slip and fall due to a liquid that had been recently spilled on the floor of the Home Depot store March 17, 2021 (in which case Defendant Redmiles' presence in the store might have been a factor). Rather, Plaintiff Lloyd Jarrett tripped and fell over a metal bracket that was attached/bolted to the floor of the Home Depot store. It is a reasonable inference

---

[1] The Plaintiffs would incorporate the fact pattern filed in their original Motion to Remand and will only add and/or respond to newly raised facts by the Defendants in their Opposition.

for a fact finder to conclude that this dangerous condition (i.e., an attached/bolted bracket) was created intentionally as part of a plan for the store and had been present for a considerable period of time (days or longer) prior to the incident involving Plaintiff. Attached as *Exhibit 1* is a photograph of the actual metal bracket that the Plaintiff Lloyd Jarrett tripped and fell over, which was taken only a few minutes after his fall (Plaintiff Lloyd Jarrett is also depicted in this photograph); and attached as *Exhibit 2* is the Affidavit of Plaintiff Joan Jarrett attesting to the fact that *Exhibit 1* is a photograph taken minutes after the fall which fairly and accurately depicts the bracket in question that was bolted and secured to the floor of the Home Depot Store at the time of Lloyd Jarrett's fall.

Of particular note is that Defendant Redmiles' Affidavit is completely silent as to when the metal bracket was first installed and attached to the floor of Defendant Home Depot's store. Based on how the bracket is bolted to the floor (*see Exhibit 1*), a fact finder could reasonably infer that it had been installed in that position during a prior time when Defendant Redmiles was physically present in the store working as the store manager. Moreover, while Defendant Redmiles may not have installed the metal bracket, himself, a fact finder could also conclude that he <u>knew or should have known</u> of its existence and its danger to Defendant Home Depot customers since he was the *captain of the ship* so to speak. These facts would be more thoroughly drawn out through the discovery process in State Court, which the Plaintiffs were not permitted to conduct prior to the Defendants filing their Motion to Remove.

**ARGUMENT AND LAW**

As noted in Plaintiffs' previous Memorandum, this Honorable Court stated in the case of *Mandley Excavating v. Lund,* No. DKC-13-0840, 2013 WL 2383661 (D. MD, May 29, 2013):

2

When removal is based on a theory of fraudulent joinder, the defendant opposing remand carries a very heavy burden. The defendant must show either that: (1) there has been **outright fraud** in the Plaintiffs' pleading, or (2) "there is **no possibility** that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229,232 (4th Cir. 1993)).

**Judges in this court and others around the country have affirmed that "'no possibility' does actually mean no possibility." (emphasis added)** *Barlow v. John Crane Houdaille, Inc.*, WMN-12-1780, 2012 WL 5388883, at *2 n. 1 (D.Md. Nov. 1, 2012)(citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) **(noting that a plaintiff is only required to show "a slight possibility of a right to relief"  or that he has a "glimmer of hope" of success);** *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.")(emphasis added).

While the Plaintiffs cannot cite a specific Maryland case that addresses the issue of whether a "store manager" can be held personally liable for his own negligent acts while in the course of employment that cause injury to a Plaintiff, it is clear under Maryland law that both an employer and an employee may be held jointly and severally liable for the negligent conduct of an employee. See *Danner v. International Freight Systems of Washington, LLC*, 855 F. Supp. 2d 433, 454 (D. Md. 2012) which was cited in the Plaintiffs' previously filed Memorandum of Law.  The store manager in the present case (Defendant Redmiles) admits in his Affidavit that he was an "employee" of Defendant Home Depot at the time of the incident in this case.  Thus, under the *Danner* decision, he is no different than any other employee of Defendant Home Depot and may be held individually liable for his tortious/negligent conduct in this case. Moreover, the undersigned would bring this Honorable Court's attention to two cases from other jurisdictions that are on point to the case at bar.  Namely, the cases of *Jones v. Ringer,* No. 4:17-CV-02182-RBH, 2017 WL 5077870 (D.S.C November 6, 2017) and *Clark v. Lowe's Home Centers, LLC, et*

3

*al.,* No. 6:19-CV-114-REW, 2019 WL 5092941 (E.D. Kentucky, Southern Division 2019).

In *Jones,* the United States District Court of South Carolina[2], was confronted with a case on point to the case at bar. Ms. Jones stepped on a rusty nail at a Wal-Mart in South Carolina and lost her right leg due to complications that caused a surgical amputation. Ms. Jones then sued Wal-Mart and the store manager (a man named Tim Ringer). Wal-Mart was/is an out-of-state corporation and Mr. Ringer was a local resident of South Carolina. Wal-Mart attempted to remove the case to Federal Court by claiming "fraudulent joinder." *(A copy of the opinion is attached as Plaintiff's Exhibit 3).*

The *Jones* Court provides a detailed analysis regarding the burden that the Defendants have to overcome to prove a "fraudulent joinder" and that has been stated *supra* and in the prior pleadings. The *Jones* Court then discusses plain master/servant law and joint and several liability (which is the same law of the State of Maryland). The *Jones* court held that if the store manager commits negligent acts that is a cause of the Plaintiff's injuries, then the store manager can be held personally liable. *See pages 6 and 7 of opinion.* As the *Jones* Court held on pages 7-8 of its opinion:

> When a single injury occurs as the proximate result of separate and independent acts of the negligence of two or more parties, these tortfeasors are subject to joint and several liability. *Collins v. Bisson Moving & Storage, Inc.,* 332 S.C. 290, 306, 504 S.E.2d 347, 356 (Ct. App. 1998) (citing *Rourk v. Selvey,* 252 S.C. 25, 27-28, 164 S.E.2d 909, 910 (1968)). **Plaintiff has the right to name whom she sues; and in this case, she has properly named Ringer as one of the parties that is, <u>potentially</u>, jointly responsible for her injuries (emphasis added).**

In *Clark,* the Plaintiff sued Lowes Home Centers, LLC (hereinafter "Lowes") and Teresa

---

[2] South Carolina is a State that is governed (Federally) by the Fourth Circuit Court of Appeals.

Johnson who was the store manager of said Lowes where said Plaintiff claimed injury as a result of tripping over a low barrier around an outdoor display suffering injury (all events occurred at a Lowe's store located in Kentucky). Lowes was an out-of-state corporation and Ms. Johnson was a resident of Kentucky. Clearly, complete diversity did not exist and therefore the only way that Lowes could remove the case to Federal Court was for the Court to find that the suit against Ms. Johnson was a "fraudulent joinder."

The Court in *Clark* provided a detailed analysis on "fraudulent joinder" and the allegations against the manager Ms. Johnson. The facts are eerily similar to the case at bar in that it was contended that Ms. Johnson had/has duties as a store manager which would include "store maintenance, supervision, inspection for hazardous conditions and the repair of said conditions."

The Court in *Clark* noted that the Kentucky Supreme Court was split 3-3 as to whether a store manager could be held personally responsible for the injury of a store customer in this type of setting. Notwithstanding that fact, the Federal Court stated:

> The fraudulent joinder inquiry does not ask whether state law conclusively endorses the plaintiff's claim. Instead, the Court must determine whether there is any colorable basis for recovery against the non-diverse party, bearing in mind the limits of federal subject matter jurisdiction and resolving factual and legal uncertainties in favor of remand. *Citing Eastman v. Marine Mech. Corp,* 438 F.3d 544, 549-550(6th Cir. 2006) and *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

The State of Maryland's rules and holdings for Plaintiffs in tort law are surely not more confined than that of South Carolina and Kentucky. Defendant Home Depot, as a corporate entity, can only act through its agents, servants and/or employees. The Defendants' argument is, essentially, that a Plaintiff may **only** sue Defendant Home Depot and not its negligent

employees/actors. Taking this position to its natural conclusion, Defendant Home Depot would have this Honorable Court hold that it should be able to remove this case, or any tort case based on negligence, brought against it in State Court. This position is contrary to common sense and established law.

WHEREFORE, Plaintiffs' request:

A. That the Plaintiffs' Motion to Remand be granted;

B. That the case be remanded to the Circuit Court for Baltimore City;

C. That Defendants be ordered to pay all costs and Plaintiffs' reasonable attorneys' fees incurred for this Federal proceeding;

D. That this Honorable Court order the Clerk of the Court to mail a certified copy of the Order of Remand to the Clerk of the Circuit Court for Baltimore City, Maryland; and

E. That Plaintiffs be granted such other and further relief as the nature of their cause requires.

/s/ Frank E. Trock
Frank E. Trock – Bar # 09793
Attorney for Plaintiffs

Altmark, Rotter & Trock, LLP
25 Hooks Lane, Suite 204
Baltimore, Maryland 21208
(410) 783-9230
ftrock@arsllp.com
CPF # 9112190230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2021, a copy of the foregoing, along with all Exhibits, was sent electronically and/or via, postage pre-paid mail to Brian A. Cafritz, Esq. Kalbaugh, Pfund & Messersmith P.C., 3950 University Drive, Suite 204, Fairfax, VA 22030. Attorney for Defendants.

/s/ Frank E. Trock
Frank E. Trock