IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LLOYD JARRETT,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No. 1:21-cv-01514-SAG |
| | * | |
| **HOME DEPOT U.S.A., Inc.,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************

## MEMORANDUM OPINION

Lloyd Jarrett ("Jarrett") and his wife (collectively "Plaintiffs") sued Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home Depot"), as well as store manager Keith Redmiles ("Redmiles" or, collectively with Home Depot, "Defendants") in the Circuit Court for Baltimore City, alleging state law claims for negligence and loss of consortium related to an alleged fall that occurred in one of Home Depot's stores. ECF 6. Defendants removed the Complaint to this Court on the basis of diversity jurisdiction. ECF 1. There are two motions currently pending, both of which deal with the question of Redmiles's role in the case and whether this Court may appropriately exercise diversity jurisdiction. First is Redmiles's Motion to Dismiss for Failure to State a Claim, ECF 2, which Plaintiffs have opposed, ECF 10, to which Defendants have, in turn, replied, ECF 16. Second is Plaintiffs' Motion to Remand to State Court, ECF 11, which Defendants have opposed, ECF 17, to which Plaintiffs have, in turn, replied, ECF 22. After review of those filings, no hearing is necessary. *See* Loc. R. 105.8 (D. Md. 2021). For the reasons that follow, Redmiles's Motion to Dismiss is Granted and Plaintiffs' Motion to Remand is Denied.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs, who are Maryland residents, filed their Complaint in state court on April 19, 2021. ECF 6. Plaintiffs allege that Jarrett suffered injury when he tripped and fell on a metal bracket attached to the floor of the Home Depot store. *Id.* ¶ 3. Plaintiffs assert that the protruding metal bracket was a dangerous condition of which Defendants, and Redmiles specifically, had actual and/or constructive knowledge. *Id.* ¶ 7. They further allege that, as store manager, Redmiles was responsible for "the maintenance, safety procedures, repairs, displays (both set up and break down), warnings, supervision of other unknown employees and overall care of the Store," and that he, or other employees under his supervision, negligently left the metal bracket protruding on the store floor. *Id.* ¶¶ 5-6. Lastly, they allege that Defendants failed to take reasonable steps to either remove the metal bracket from the floor or give customers, and Jarrett specifically, reasonable notice or warning of the dangerous condition posed by the metal bracket. *Id.* ¶ 8.

While Home Depot is a foreign corporation, Redmiles is a resident of Maryland—his presence as a party would thus defeat diversity jurisdiction. Defendants removed the action to this Court, asserting diversity jurisdiction by virtue of the presently sought-after dismissal of Redmiles. ECF 1, ECF 2. Plaintiffs countered by seeking remand to state court, arguing that its claims against Redmiles are valid and should not be dismissed. ECF 11.

**II.     LEGAL STANDARD**

    **a. Rule 12(b)(6) Motions to Dismiss**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion

by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### b. Motions to Remand

Courts "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" *Receivership of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, *2 (D. Md. 2011) (citing *Stephens v. Kaiser Found. Health Plan of the Mid– Atl. States, Inc.*, 807 F.Supp.2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying defendants access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

**III.    ANALYSIS**

The central question here is one of so-called "fraudulent" joinder, which prevents plaintiffs from adding "a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction." *Sodibar Sys., Inc. v. Simon*, Civ. No. PWG–13–3399, 2014 WL 1276441 at *3 (D. Md. 2014) (quoting *Mayes v. Rapport*, 198 F.3d 457, 464 (4th Cir. 1999))  The fraudulent joinder doctrine empowers a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 464 (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 676 (5th Cir. 1999)).  To establish fraudulent joinder, the defendant must establish that there is "no possibility" that the plaintiff would be able to establish a cause of action against the in-state defendant. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).  Here, the parties contest whether there is "no possibility" that a store manager, Redmiles, may be held jointly and severally liable for an injury that allegedly occurred as a result of the condition of the store premises.  If such liability is possible under Maryland law, then there has been no fraudulent joinder—Redmiles's presence destroys complete diversity and requires remand of the case.  If not, then dismissal of Plaintiffs' claims against him is appropriate, meaning complete diversity exists between Plaintiffs and Home Depot and no remand is required.

Curiously, while there is extensive case law on point from other states cutting in both directions on this question of manager liability for a retail store's premises, Maryland courts do not appear to have addressed the issue directly.  This precedential gap would, at first glance, appear to be a boon to Plaintiffs' case.  After all, not only is the law clear that all doubts regarding federal jurisdiction should be resolved in favor of remand, but the standard for fraudulent joinder specifically is that there must be "no possibility" of maintaining a negligence claim against

Redmiles in state court. However, upon closer examination, there are well-established principles of Maryland law that require Redmiles's dismissal. Specifically, Maryland courts have consistently held that landowners, such as Home Depot, owe a *nondelegable* duty to invitees to "use reasonable and ordinary care to keep [the] premises safe for the invitee[s] and to protect [them] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety will not discovery." *Appiah v. Hall*, 416 Md. 533, 560-61, (2010). To this end, a manager "who performs the nondelegable duty of the employer does not thereby assume a personal duty" in its execution. *Athas v. Hill*, 300 Md. 133, 148 (1984) (concluding that a manager could not be held individually liable for failure to provide a safe workplace, because that was the employer's nondelegable duty); *see also Hastings v. Mechalske*, 336 Md. 663, 676 (1994) ("*Athas* thus makes clear that a supervisor's negligence in the performance of his or her supervisory duties is not enough to subject him or her to personal liability.").

While *Athas*[1] leaves open the possibility that managers may appropriately be held liable for their own tortious conduct, it draws a clear line between "affirmative, direct acts of negligence" that managers might carry out in breach of a personal duty of care versus acts that merely constitute performance of, or failure to perform, the employer's nondelegable duties. *Id.* at 149. Here,

---

[1] *Athas* and its progeny involve co-employee liability in which employees were injured on the job and sued supervisory employees for failing to provide a safe place to work. While that is factually distinguishable from this premises liability case (particularly given the additional element of the Maryland's worker's compensation scheme at play in *Athas*), the underlying principles regarding an employer's non-delegable duties and a supervisory employee's liability are directly applicable here—providing a safe place to work is a natural corollary of providing a safe place for invitees to shop. Indeed, *Athas* very clearly articulated its holding as being a product of Maryland's core negligence common law principles, not merely the unique worker's compensation framework, confirming its broader applicability beyond the context of co-employee liability. *See* 300 Md. at 149 ("Thus, under the workmen's compensation scheme as well as under the common law, the supervisory employee should not be held liable for breaching a duty such as providing a safe place to work.").

Plaintiffs' Complaint does not assert that Redmiles had any affirmative, direct involvement with the incident aside from his general duties to maintain the store's safety. ECF 1 ¶ 6. Indeed, Plaintiffs do not even allege that Redmiles was present at the store on the day of Jarrett's accident. While it may certainly be true that Redmiles was "responsible for the maintenance, safety procedures, repairs, displays (both set up and break down), warnings, supervision of other unknown employees and overall care of the Store," *id.*, such that the responsibility of remedying the dangers of the protruding metal bracket fell squarely on his shoulders, it is impossible to separate that responsibility from Home Depot's nondelegable duty to maintain a safe premises. Per Plaintiffs' presently-pled version of events, Redmiles's sole connection to this case is his duty to carry out Home Depot's nondelegable duty to maintain a safe premises for invitees, the negligent performance of which Redmiles may not be held individually liable under Maryland law.[2]

Thus, because there is "no possibility" that Redmiles is individually liable for Plaintiffs' alleged injury under Maryland law, he has been fraudulently joined here. Dismissal of the claims against him are proper, and, since complete diversity will exist following his dismissal, remand is inappropriate.

---

[2] While the fraudulent joinder analysis is a stringent one focused primarily on the legal feasibility of Plaintiffs' claims against Redmiles as examined above, the Court need not leave its common sense at the door when assessing the case either. *See Newton v. S. Grocery Stores*, 16 F. Supp. 164, 166-67 (E.D.S.C. 1936). Given that any liability here would be joint and several between Home Depot and Redmiles by virtue of vicarious liability, Plaintiffs would seem to have little substantive interest in holding Redmiles personally liable, given the deeper pockets (and insurance) of his employer. As such, it is difficult to avoid the conclusion that Plaintiffs have brought suit against Redmiles solely to defeat diversity jurisdiction. Though such pragmatic and circumstantial considerations are not dispositive, they provide further support for the Court's ultimate conclusion.

## IV. CONCLUSION

For the reasons set forth above, Redmiles's Motion to Dismiss, ECF 2, is GRANTED, and Plaintiffs' Motion for Remand to State Court, ECF 11, is DENIED. A separate Order is filed herewith.

Dated: August 2, 2021

/s/
Stephanie A. Gallagher
United States District Judge