IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LLOYD JARRETT,** *et al.,* | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   Civil Case No. SAG-21-1514 |
| | * |
| **HOME DEPOT U.S.A., INC.,** *et al.*, | * |
| | * |
| **Defendants.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Lloyd and Joan Jarrett ("Plaintiffs" or "The Jarretts") filed this case against Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively "Home Depot") and a store manager, Keith Redmiles, seeking damages for personal injuries resulting from a fall in a Home Depot store. On August 2, 2021, this Court issued a Memorandum Opinion, ECF 23 ("the Opinion") and Order, ECF 24. Plaintiffs have now filed a Motion for Reconsideration and/or for Certification of Question of Law to the Maryland Court of Appeals, ECF 26, and Defendants filed an Opposition, ECF 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Plaintiffs' Motion will be denied.

**I.   Background**

This lawsuit began, as alleged, when Lloyd Jarrett tripped and fell over a metal bracket attached to the floor of a Home Depot store, sustaining physical injury. The Jarretts filed suit in state court against both Home Depot and the store manager, Redmiles. ECF 1. After Home Depot removed the case to federal court on the basis of diversity jurisdiction, Redmiles filed a motion to Dismiss the claims against him. ECF 2. Plaintiffs filed an opposition to that motion, ECF 10, along with a motion to remand the case to state court because Redmiles's presence in the case as

a Defendant destroyed complete diversity.  ECF 11.  After considering the parties' positions, this Court issued a memorandum opinion and order granting Redmiles's motion to dismiss and denying Plaintiffs' motion for remand.  ECF 23, 24.  Home Depot has answered the complaint and the case is presently in discovery.  However, Plaintiffs now seek reconsideration of this Court's order, and continue to seek remand to state court.  In the alternative, they seek certification of a legal question to the Maryland Court of Appeals.  ECF 26.

**II.    Legal Standards**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" before entry of a final judgment.  *See also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving the trial court's reference to Rule 54(b) in reconsidering its ruling on the defendant's Rule 12(b)(6) motion to dismiss); *Lynn v. Monarch Recovery Mgmt, Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) ("Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) . . . .").  In this Court, motions for reconsideration must be filed within fourteen days after the Court enters the order.  Loc. R. 105.10.

While the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b), *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)); *see Fayetteville Investors*, 936 F.2d at 1470 (expressing "vigorous[] disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order

on a Rule 12(b)(6) motion). However, courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration. *Carrero*, 310 F. Supp. 3d at 584; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Resources*, 933 F. Supp. 2d 735, 741 (D. Md. 2013); *see also Fayetteville Investors*, 936 F.2d at 1470 (positively discussing a district court's reference, but not strict adherence, to the Rule 60(b) standards in reconsidering its prior ruling (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989)).

Motions to amend final judgments under Rule 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Further, Federal Rule of Civil Procedure 60(b) explicitly provides that a court may only afford a party relief from a final judgment if one of the following is present: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." As a general matter, however, this Court has stated that "'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)). Ultimately, the decision to reconsider interlocutory orders rests in this Court's "broad discretion." *Am. Canoe Ass'n*, 326 F.3d at 515 (holding that a trial court's "otherwise broad discretion to reconsider interlocutory orders is narrowed in the context of motions to reconsider" issues of the trial court's subject matter jurisdiction).

**III.    Analysis**

Plaintiffs argue that this Court made a "manifest mistake of law" by relying on two Maryland Court of Appeals cases, *Athas v. Hill,* 300 Md. 133 (1984) and *Hastings v. Mechalske,* 336 Md. 663 (1994), to support its contention that Redmiles should be dismissed.  ECF 26 at 2-4.  Plaintiffs are correct, as this Court noted in its initial opinion, that those two cases assessing the liability of supervisory employees arose in the context of the Maryland Workers Compensation Act, while the instant case did not.  However, this Court previously explained:

> *Athas* and its progeny involve co-employee liability in which employees were injured on the job and sued supervisory employees for failing to provide a safe place to work.  While that is factually distinguishable from this premises liability case (particularly given the additional element of the Maryland's worker's compensation scheme at play in *Athas*), the underlying principles regarding an employer's non-delegable duties and a supervisory employee's liability are directly applicable here—providing a safe place to work is a natural corollary of providing a safe place for invitees to shop.  Indeed, *Athas* very clearly articulated its holding as being a product of Maryland's core negligence common law principles, not merely the unique worker's compensation framework, confirming its broader applicability beyond the context of co-employee liability.  *See* 300 Md. at 149 ("Thus, under the workmen's compensation scheme as well as under the common law, the supervisory employee should not be held liable for breaching a duty such as providing a safe place to work.").

ECF 23 at 6 n.1.  In reaching its conclusion, then, this Court simply applied Maryland precedent arising in other factual contexts to the facts of this case.  Courts regularly analogize from one context to reach a logical conclusion about the appropriate extension of the law in another context, because contested cases rarely present precisely the same facts and legal posture as a case that was previously decided.

Plaintiffs use the term "manifest mistake of law" in their assessment of this Court's reasoning.  That phrase does not fit neatly within any standard typically applied to Rule 59(e) or Rule 60(b) motions.  The closest appears to be "clear legal error."  In the Rule 59(e) context, for a previous judgment to be "clear error," the court's previous decision must be "dead wrong."  *TFWS,*

4

*Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Indeed, the Fourth Circuit in *TFWS* used even stronger language in describing the standard for clear error: the prior judgment cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Bellsouth Telesensor v. Info. Sys. Networks Corp.*, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished)). This Court's decision to ascertain the current state of Maryland law on its own, as is its duty, without any previous request for certification of the issue to the Maryland Court of Appeals, does not now strike the Court with such force. *See also Hatfield v. Palles*, 537 F.2d 1245, 1248 (4th Cir. 1976) ("There have been no decisions by the South Carolina Supreme Court on the issue . . . . A federal court must therefore, as above indicated, endeavor to decide the issue in the way it believes the South Carolina Supreme Court would decide it." (citations omitted) (emphasis added)).

In fact, this Court carefully reviewed Maryland precedent to determine the governing Maryland law, including precedent that the Court found persuasive although it had not been cited by the parties. In this Court's view, Maryland law is clear that Home Depot, not its manager, owed a non-delegable duty to keep its premises safe for customers. Thus, it sees no basis justifying reconsideration of its decision.

Plaintiffs' alternative request for certification is equally unpersuasive. In the original briefing, neither party asked this Court to consider certifying any question of law to the Maryland Court of Appeals. Now, Plaintiffs adopt the position that this Court should certify the following question:

> Whether a store manager or supervisory employee may be held individually liable to a third-party Plaintiff (who is not a co-employee) for his/her own negligent conduct when performing a non-delegable duty on behalf of the employer?

ECF 26 at 4.

To be sure, the Court agrees with Plaintiffs that, had it been requested before this Court adjudicated the original motions, its question of law, in some form, could potentially qualify for certification. The Maryland Uniform Certification of Questions of Law Act provides that the Maryland Court of Appeals may answer certified questions of law "if the answer may be determinative of an issue" in a case before the Court, and if there is no controlling Maryland appellate decision, constitutional provision, or statute. Md. Code Ann., Cts. & Jud. Proc. § 12-603 (West 2019). As this Court's previous ruling recognized, both implicitly and explicitly, Maryland courts have not directly addressed a store manager's liability to a customer for maintenance of a retail store's premises.

Just because a question of law qualifies for certification, however, does not mean the Court *must* certify it. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) ("We do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory."). While the Maryland Court of Appeals encourages certification, *see Proctor v. Wash. Metro. Area Transit Auth.*, 412 Md. 691, 705 (2010), the statute plainly does not require a court to certify unanswered questions of law under any circumstances, *see* Md. Code Ann., Cts. & Jud. Proc. § 12-603. Indeed, it is well settled that the decision to certify questions of law to state high courts rests in the trial court's discretion. *Lehman Bros.*, 416 U.S. at 391; *Antonio v. SSA Sec., Inc.*, 749 F.3d 227, 234 (4th Cir. 2014); *Nat'l Capital Naturists, Inc. v. Bd. of Supervisors of Accomack Cty.*, 878 F.2d 128, 132 (4th Cir. 1989).

This Court declines to exercise such discretion here for two reasons. First, it believes it has properly applied existing Maryland law to Plaintiff's claims, without need for certification. Second, and most importantly, permitting parties to request certification after they receive an adverse ruling on the merits of their legal issues would generate an endless cycle of litigation, tying

up both federal and state courts.  Accordingly, the alternative request for certification will also be denied.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration and/or for Certification, ECF 26, is DENIED.  A separate Order follows.

Dated:  September 20, 2021                                  /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge